**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

☐ Check if this an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  |  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | **Your full name** <br><br> Write the name that is on your government-issued picture identification (for example, your driver's license or passport). <br><br> Bring your picture identification to your meeting with the trustee. | Deangelo <br> First name <br><br> E. <br> Middle name <br><br> Heard <br> Last name and Suffix (Sr., Jr., II, III) | First name <br><br> Middle name <br><br> Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years** <br> Include your married or maiden names. | | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-6780 | |

Debtor 1    **Deangelo E. Heard**                                                                                      Case number *(if known)* _____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and *doing business as* names | ■ I have not used any business name or EINs.<br><br>_____<br>Business name(s)<br><br>_____<br>EINs | ☐ I have not used any business name or EINs.<br><br>_____<br>Business name(s)<br><br>_____<br>EINs |
| **5. Where you live** | **2545 South 13th Avenue**<br>**Broadview, IL 60155**<br>Number, Street, City, State & ZIP Code<br><br>**Cook**<br>County<br><br>**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br>_____<br>Number, P.O. Box, Street, City, State & ZIP Code | **If Debtor 2 lives at a different address:**<br><br>_____<br>Number, Street, City, State & ZIP Code<br><br>_____<br>County<br><br>**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.<br><br>_____<br>Number, P.O. Box, Street, City, State & ZIP Code |
| **6. Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br><br>■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.)<br><br>_____ | *Check one:*<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.)<br><br>_____ |

Debtor 1    **Deangelo E. Heard**                                                                    Case number *(if known)*

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---|---|

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☑ Chapter 13

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☐ No.
☑ Yes.

| | District | When | Case number |
|---|---|---|---|
| District | **Northern District of Illinois, Eastern Division** | When **9/28/13** | Case number **13B 38176-Chapter 7** |
| District | | When | Case number |
| District | | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No
☐ Yes.

| | | | |
|---|---|---|---|
| Debtor | | Relationship to you | |
| District | | When | Case number, if known |
| Debtor | | Relationship to you | |
| District | | When | Case number, if known |

**11. Do you rent your residence?**

☐ No.    Go to line 12.

☑ Yes.   Has your landlord obtained an eviction judgment against you?

☑ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

Debtor 1   **Deangelo E. Heard**                                                    Case number *(if known)*

---

**Part 3:**   **Report About Any Businesses You Own as a Sole Proprietor**

12.   **Are you a sole proprietor of any full- or part-time business?**

■ No.   Go to Part 4.

☐ Yes.   Name and location of business

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

_____
Name of business, if any

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐   Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐   Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐   Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐   Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐   None of the above

---

13.   **Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor?***

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

■ No.   I am not filing under Chapter 11.

☐ No.   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.   I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

**Part 4:**   **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

14.   **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.   What is the hazard?   _____

If immediate attention is needed, why is it needed?   _____

Where is the property?   _____

_____
Number, Street, City, State & Zip Code

---

Debtor 1  **Deangelo E. Heard**                                         Case number *(if known)*

| **Part 5:** | Explain Your Efforts to Receive a Briefing About Credit Counseling |
|---|---|

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1    **Deangelo E. Heard**    Case number *(if known)*

---

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

16a.    **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

16b.    **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

16c.    State the type of debts you owe that are not consumer debts or business debts

---

**17. Are you filing under Chapter 7?**

■ No.    I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes.    I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

---

**18. How many Creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Deangelo E. Heard**

_____    _____
**Deangelo E. Heard**    Signature of Debtor 2
Signature of Debtor 1

Executed on    **August 17, 2018**    Executed on    _____
    MM / DD / YYYY    MM / DD / YYYY

---

Debtor 1    **Deangelo E. Heard**                                                    Case number *(if known)*

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ Raffy A. Kaplan**                                    Date    **August 17, 2018**
Signature of Attorney for Debtor                                  MM / DD / YYYY

**Raffy A. Kaplan 6275234**
Printed name

**Kaplan Bankruptcy Firm, LLC**
Firm name

**25 East Washington St**
**Suite 1501**
**Chicago, IL 60602**
Number, Street, City, State & ZIP Code

Contact phone    **(312) 294-8989**              Email address    **rkaplan@financialrelief.com**

**6275234 IL**
Bar number & State

# Notice Required by 11 U.S.C. § 342(b) for
# Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

> **You are an individual filing for bankruptcy,** and

> **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

> Chapter 7 - Liquidation

> Chapter 11 - Reorganization

> Chapter 12 - Voluntary repayment plan for family farmers or fishermen

> Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

> most taxes;

> most student loans;

> domestic support and property settlement obligations;

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                     Best Case Bankruptcy

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

|   | | |
|---|---|---|
| | $1,167 | filing fee |
| + | $550 | administrative fee |
| | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|------|------------|
| + | $75  | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|------|------------|
| + | $75  | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCredit AndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                   Best Case Bankruptcy

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

**(Court-Approved Retention Agreement, Use for cases filed on or after September 19, 2016)**

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation. The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtor and the attorney that conflicts with this agreement is void.

### A.          *BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule, and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

## B.          *AFTER THE CASE IS FILED*

### THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and, when the case is called, for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                         Best Case Bankruptcy

## THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor, in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Prepare, file, and serve a notice of conversion to Chapter 7, pursuant to § 1307(a) of the Bankruptcy Code and Local Bankruptcy Rule 1017-1.

17. Provide any other legal services necessary for the administration of the case.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**C.      TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN
ORDER APPROVING FEES AND EXPENSES**

1. Approved fees and expenses paid under the provisions set out below are generally not
refundable in the event that the case is dismissed prior to its completion, unless the dismissal is
due to a failure by the attorney to comply with the duties set out in this agreement. If such a
dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by
the debtor.

2. If the case is dismissed after approval of the fees and expenses but before payment of all
allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and
expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract
law or otherwise.

3. If the case is converted to a case under Chapter 7 after approval of the fees and expenses under
this agreement but before the payment of all fees and expenses, the attorney will be entitled to an
administrative claim in the Chapter 7 case for any unpaid fees and expenses, pursuant to § 726(b)
of the Bankruptcy Code, plus any conversion fee the attorney pays on behalf of the debtor.

**D. RETAINERS AND PREVIOUS PAYMENTS**

1. The attorney may receive a retainer or other payment before filing the case but may not
receive fees directly from the debtor after the filing of the case. Unless the following provision is
checked and completed, any retainer received by the attorney will be treated as a security
retainer, to be placed in the attorney's client trust account until approval of a fee application by
the court.

☑The attorney seeks to have the retainer received by the attorney treated as an advance
payment retainer, which allows the attorney to take the retainer into income immediately.
The attorney hereby provides the following further information and representations:

(a)    The special purpose for the advance payment retainer and why it is advantageous to
the debtor is as follows:
_____

(b)    The retainer will not be held in a client trust account and will become property of the
attorney upon payment and will be deposited into the attorney's general account;

(c)    The retainer is a flat fee for the services to be rendered during the Chapter 13 case
and will be applied for such services without the need for the attorney to keep
detailed hourly time records for the specific services performed for the debtor;

4

(d)    Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

(e)    The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the Chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2. In any application for compensation, the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing, including the date(s) any such fees were paid.

### E. CONDUCT AND DISCHARGE

1. *Improper conduct by the attorney*. If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. *Improper conduct by the debtor*. If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3. *Discharge of the attorney*. The debtor may discharge the attorney at any time.

[Remaining page intentionally left blank.]

5

### F. ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $4,000.00.

2. In addition, the debtor will pay the filing fee required in the case and other expenses of $310.00.

3. Before signing this agreement, the attorney has received , $50.00

toward the flat fee, leaving a balance due of $3,950.00; and $0.00 for expenses,

leaving a balance due for the filing fee of $0.00.

4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date: 08 17 2018

Signed:

X _____        _____
Deangelo E. Heard                         Raffy A. Kaplan 6275234
                                          Attorney for the Debtor(s)

_____

Debtor(s)

Do not sign this agreement if the amounts are blank.

**Local Bankruptcy Form 23c**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Deangelo E. Heard** _____   Case No. _____
                                              Debtor(s)                        Chapter   **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that
    compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
    be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    | | | |
    |---|---|---|
    | For legal services, I have agreed to accept | $ | **4,000.00** |
    | Prior to the filing of this statement I have received | $ | **50.00** |
    | Balance Due | $ | **3,950.00** |

2.  $ **310.00**  of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ■ Debtor        ☐ Other (specify):

4.  The source of compensation to be paid to me is:

    ■ Debtor        ☐ Other (specify):

5.  ■  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A
       copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

**August 17, 2018** _____       **/s/ Raffy A. Kaplan** _____
*Date*                                             **Raffy A. Kaplan 6275234**
                                                   *Signature of Attorney*
                                                   **Kaplan Bankruptcy Firm, LLC**
                                                   **25 East Washington St**
                                                   **Suite 1501**
                                                   **Chicago, IL 60602**
                                                   **(312) 294-8989   Fax: (312) 294-8995**
                                                   **rkaplan@financialrelief.com**
                                                   *Name of law firm*

---

Advance America
Cash Advance Centers of Illinois
2828 South 17th Street, Unit B
Broadview, IL 60155


City of Chicago
c/o Mintex, Inc.
P.O. Box 7700
Chicago, IL 60680-7700


City of Chicago Dept. of Revenue*
Bankruptcy Department
121 N. LaSalle, Rm 107A
Chicago, IL 60604


City of Chicago Dept. of Revenue*
c/o Arnold Scott Harris PC
222 Merchandise Mart Pz, #1932
Chicago, IL 60654


City of Chicago Dept. of Revenue*
c/o Linebarger Goggan Blair & Samps
P.O. Box 06152
Chicago, IL 60606-0152


Cook County Circuit Court
c/o Penn Credit
916 S. 14th St., P.O. Box 988
Harrisburg, PA 17108-0988


DMV
17 N. State St.
10th Floor
Chicago, IL 60602


DMV
17 N. State St.
10th Floor
Chicago, IL 60602


Harris & Harris*
111 W. Jackson Blvd, Ste. 400
Chicago, IL 60604

Honor Finance
909 Davis St.
Ste. 260
Evanston, IL 60201-3645


J&J Auto Group, Inc.
804 S. Cicero Ave.
Chicago, IL 60644


Linebarger, Goggan Blair & Sampson
233 S Wacker Dr # 4030
Chicago, IL 60606


Loyola University Health System
c/o Nationwide Credit & Collection
815 Commerce Dr., Ste. 100
Oak Brook, IL 60523


Loyola University Medical Center
P.O. Box 3021
Milwaukee, WI 53201-3021


MB Financial
6111 N. River Rd.
Des Plaines, IL 60018


Peritus Portfolio Services
P.O. Box 141419
Irving, TX 75014


Secretary of State
2701 S. Dirksen Parkway
Springfield, IL 62723


Secretary of State
2701 S. Dirksen Parkway
Springfield, IL 62723


Stanley Banks/State Farm Mutual
c/o Rich Yudkin, LLC
860 North Point Blvd.
Waukegan, IL 60085

Village of Broadview
c/o Sonnenschein Financial Services
Two TransAm Plaza, Ste. 300
Villa Park, IL 60181


Village of Broadview
P.O. Box 6253
Carol Stream, IL 60197


West Suburban Emergency
c/o American Collection Corp.
919 Estes Court
Schaumburg, IL 60193-4427